**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ORLANDO RESIDENCE, LTD.,**
      **Judgment Creditor,**

**v.**                                        **Case No. 11-MC-55**

**KENNETH NELSON,**
      **Judgment Debtor.**

---

## DECISION AND ORDER

On August 25, 2011, Orlando Residence Ltd. ("Orlando") registered a judgment of the United States District Court for the Western District of Oklahoma in this district pursuant to 28 U.S.C. § 1963. Kenneth Nelson is the judgment debtor. Before me now is Nelson's motion to dismiss the registration.

## I. BACKGROUND

The facts recited in this opinion are undisputed. On May 27, 1994, the Resolution Trust Corporation ("RTC") obtained a money judgment against Kenneth Nelson and others in the United States District Court for the Western District of Oklahoma. That same day, the RTC sold the judgment to a trust controlled by a relative of one of Nelson's business partners. The trust then immediately transferred the judgment to GP Credit Co., LLC ("GP Credit"), an entity controlled by Nelson. GP Credit held the judgment without taking any action to enforce it until June 2011, when a Wisconsin state court entered an order transferring ownership of the judgment from GP Credit to Orlando.

The Wisconsin state court's order (and the present miscellaneous action, for that matter) arises out of a long-standing dispute between Orlando and Nelson. See generally Orlando Residence, Ltd. v. GP Credit Co., LLC, 553 F.3d 550 (7th Cir. 2009). During the

course of this dispute, Orlando obtained a judgment against Nelson in Tennessee state court and also obtained a separate order stating that GP Credit was Nelson's alter ego and that therefore the assets of GP Credit could be applied to satisfy the Tennessee judgment against Nelson.  Orlando then filed an action to enforce the Tennessee judgment in Ozaukee County, Wisconsin, and the Ozaukee court entered an order transferring ownership of various assets, including the Oklahoma judgment, from GP Credit to Orlando.

Having obtained ownership of the Oklahoma judgment, Orlando registered it in this district.  A few days later, Nelson filed the present motion to dismiss the registration.

## II.  DISCUSSION

Nelson's position is that the Oklahoma judgment is unenforceable under Oklahoma law and therefore cannot be registered in this district pursuant to 28 U.S.C. § 1963. Orlando concedes that if the Oklahoma judgment is unenforceable under Oklahoma law it cannot be registered pursuant to § 1963.  However, Orlando contends that the judgment is enforceable.

Under Oklahoma law, a judgment becomes unenforceable after five years if it is not renewed.  See 12 Okla. Stat. Ann. § 735.  Orlando does not dispute that the judgment was rendered in May 1994 or that it was not renewed prior to May 1999.  However, Orlando contends that the Oklahoma courts would, if asked, hold that equitable tolling may be applied to prevent a judgment from becoming "dormant" after five years.[1]  Nelson disputes that the Oklahoma courts would apply equitable tolling to the five-year period, and the

_____

[1]In its briefs, Orlando originally argued that the Oklahoma courts would have applied the doctrine of "adverse domination" to prevent the judgment from becoming dormant during the time that Nelson "dominated" GP Credit. See Resolution Trust Corp. v. Grant, 901 P.2d 807, 811 (Okla. 1995) (describing doctrine of adverse domination).  However, at oral argument, counsel for Orlando conceded that adverse domination does not apply to § 735 and that whether the judgment remains enforceable turns on whether equitable tolling applies.

parties have filed briefs on the legal question of whether the five-year period may be equitably tolled. Orlando has even suggested that I certify this question to the Supreme Court of Oklahoma.

However, there is a much simpler way to resolve this case. Even if I assume that the five-year period of § 735 is subject to equitable tolling, Orlando cannot identify any circumstances that occurred before 1999 that would have given rise to equitable tolling. Orlando argues that Nelson engaged in inequitable conduct with respect to the judgment in recent years (and possibly as far back as 2001), but by the time this conduct occurred the five-year period had already expired. Thus, by time that the allegedly inequitable conduct occurred, there was nothing left to toll. It follows that the question of whether the Oklahoma courts would hold that § 735 is subject to equitable tolling is purely academic. The judgment became unenforceable in 1999, and therefore Orlando's registration of that judgment in this district pursuant to § 1963 must be dismissed.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Nelson's motion to dismiss the registration of the Oklahoma judgment is **GRANTED**. The Clerk of Court shall strike the registration, and the judgment shall not be treated as a judgment of this district.

**IT IS FURTHER ORDERED** that Nelson's motion to expedite briefing is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that Orlando's motion to substitute party is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2011.

s/ Lynn Adelman_____
LYNN ADELMAN
District Judge